UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:_____

ORLANDO HEALTH, INC., a Florida
corporation,

    Plaintiff,

v.

GOSPEL LIGHT MENNONITE CHURCH
MEDICAL AID PLAN, INC. D/B/A
LIBERTY HEALTHSHARE, a Virginia corporation

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Orlando Health, Inc. ("**Orlando Health**"), a Florida corporation, sues Gospel Light Mennonite Church Medical Aid Plan, Inc. d/b/a Liberty HealthShare ("**Liberty**"), a Virginia corporation, for accounting and alleges as follows:

**PARTIES AND JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1332(a)(1) because the total matter in controversy, exclusive of interest and costs, exceeds the jurisdictional threshold of $75,000.00 and is between citizens of different states.

2. Orlando Health is a non-profit healthcare system, incorporated in Florida with its principal place of business in Orange County, Florida.

3. Liberty is a non-profit organization incorporated in Virginia, with its principal place of business in Stark County, Ohio. Liberty purports to operate a faith-based healthcare sharing ministry ("**HCSM**") throughout the United States.

4. Venue is appropriate in this District pursuant to 28 U.S.C. §1391, since the incidents leading to this claim occurred in this District, subjecting Liberty to personal jurisdiction.

5. All conditions precedent to this action have occurred, been performed, or have been waived.

## GENERAL ALLEGATIONS

6. Orlando Health is a comprehensive, not-for-profit hospital that offers world-class medical care and emergency services that are not available at other hospitals in Central Florida.

7. Liberty holds itself out as a HCSM, which it describes as:

> …a tax-exempt organization whose members share a common set of ethical or religious beliefs and share medical expenses in accordance with those beliefs. Even after a member develops a medical condition, participants share in the medical, hospice, and burial costs of others who have joined together to aid each other.

8. On or around August 11, 2021, Liberty sent a letter to Orlando Health stating "our records indicate that we owe approximately $1,100,000" (the "**August 11th Letter**").

9. According to the August 11th Letter, the amount owed related to a "large block of claims;" however, Liberty did not identify a single member, patient, procedure or service, date of service, claim or account number, or any other information identifying any of the purported claims.

10. Liberty also generally referred to the existence of certain "discrepancies" related to the purported claims, which Liberty described as stemming from: (a) "our 90 day waiting period," (b) "when Medicare is primary," and/or (c) for "diseases and conditions associated with lifestyle choices (and other moral choices that are outside of our program's values and beliefs."

11. Liberty did not give a specific amount or identify any particular claim to which these supposed "discrepancies" applied.

12. In the August 11th Letter, Liberty admitted that it was updating its "policies, processes, structure and staff to help make things less confusing."

13. Prior to receiving the August 11th Letter, Orlando Health was not aware of any patients who were members of Liberty nor of any amounts owed to it by Liberty.

14. Orlando Health does not have any record of patients identifying Liberty as an outside source of funding for their medical costs during the patient intake and registration process at the facilities in the Orlando Health System.

15. On October 14, 2021, Orlando Health sent a letter to Liberty requesting a list of the accounts at issue to enable Orlando Health to verify the outstanding account balances, including (but not limited to) the patients' first and last names; Orlando Health account number; Orlando Health facility/provider name, tax ID number, or National Provider Identification number; dates of Service; diagnosis and procedure codes; total charges and payments; patient responsibility amount, etc...

16. Liberty did not respond or provide any of the requested information.

17. Orlando Health has since learned that, all along, Liberty was instructing patients to not disclose Liberty as an outside source of funding so as to illegitimately secure the reduced "charity rate" for medical services.

18. As a result of its instruction to its members to intentionally conceal information from Orlando Health, Liberty exclusively possesses the records and information of the "large block of claims" for which it claimed to owe Orlando Health $1,100,000.

## COUNT I – ACCOUNTING

19. Orlando Health re-alleges and incorporates by reference paragraphs 1 through ___ as if set forth fully herein.

20. The "large block of claims" that Liberty refers to in the August 11th Letter, which involve undisclosed or identified "discrepancies" and a "confusing" claims process, constitute a series of extensive, complicated, and complex transactions for which an accounting is warranted.

21. As the result of Liberty's instruction to its members, Liberty is in sole possession of the records that demonstrate the amounts that it owes Orlando Health for medical services provided to its members.

22. Orlando Health does not have a clear adequate remedy at law because absent and accounting, it is unable to determine the full extent of its injury stemming from Liberty's failure to pay for the medical services provided to its members.

**WHEREFORE**, Orlando Health respectfully demands judgment in its favor and against Liberty, awarding the following:

    a. A complete and full accounting of all medical services provided by Orlando Health to Liberty's members;

    b. A complete and full accounting of all "discrepancies" to which Liberty referred in its August 11th Letter;

    c. A complete and full accounting of all amounts due to Orlando Health for the medical services provided to Liberty's members; and

    b. Such other relief as the Court deems just and proper.

DATED this 9th day of June, 2022.

Respectfully submitted,

WOLFE | PINCAVAGE
*Counsel for Plaintiff*
7800 SW 57th Ave., Suite 217
Miami, FL 33143
Office: 786.409.0800

*/s/ Cristina B. Rodriguez*
Douglas A. Wolfe, Esq.
Fla. Bar. No. 28671
doug@wolfepincavage.com
Cristina B. Rodriguez, Esq.
Fla. Bar No. 639982
cristina.rodriguez@wolfepincavage.com
Liana De La Noval, Esq.
Fla. Bar No. 95944
liana.delanoval@wolfepincavage.com
Michelle Hudicourt, Esq.
Fla. Bar No. 1032530
michelle.hudicourt@wolfepincavage.com